UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHARMAYNE E. CAMPBELL,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner<br>of the Social Security Administration,<br><br>Defendant. | CAUSE NO.: 2:20-CV-208-TLS |

**OPINION AND ORDER**

The Plaintiff Charmayne E. Campbell seeks review of the final decision of the Commissioner of the Social Security Administration denying her applications for disability insurance benefits and supplemental security income. The Plaintiff argues that the Administrative Law Judge (ALJ) failed to properly weigh the opinion evidence, erred in evaluating the Plaintiff's subjective complaints, and erred in formulating the Plaintiff's residual functional capacity. For the reasons set forth below, the Court finds that reversal and remand for further proceedings is required.

**PROCEDURAL BACKGROUND**

On July 7, 2017, the Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging disability beginning on May 23, 2017. AR 15, ECF No. 11. After the claims were denied initially and on reconsideration, the Plaintiff requested a hearing, which was held before the ALJ on January 18, 2019. *Id*. During the hearing, the Plaintiff amended her alleged onset date to May 14, 2016. *Id.* On May 1, 2019, the ALJ issued a written decision, finding the Plaintiff not disabled. AR 15–25. The Plaintiff sought review of the ALJ's decision by the Appeals Council, and the Appeals Council subsequently denied review. AR 1–3.

Thus, the ALJ's decision is the final decision of the Commissioner. *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). The Plaintiff now seeks judicial review under 42 U.S.C. § 405(g). On May 27, 2020, the Plaintiff filed her Complaint [ECF No. 1] in this Court, seeking reversal of the Commissioner's final decision. The Plaintiff filed an opening brief, the Commissioner filed a response brief, and the Plaintiff filed a reply brief. ECF Nos. 13–14, 17.

## THE ALJ'S DECISION

For purposes of disability insurance benefits and supplemental security income, a claimant is "disabled" if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a).[1] To be found disabled, a claimant must have a severe physical or mental impairment that prevents her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1505(a). An ALJ conducts a five-step inquiry to determine whether a claimant is disabled. 20 C.F.R. § 404.1520.

The first step is to determine whether the claimant is no longer engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i), (b). In this case, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since May 14, 2016, the amended onset date. AR 17.

At step two, the ALJ determines whether the claimant has a "severe impairment." 20 C.F.R. § 404.1520(a)(4)(ii), (c). Here, the ALJ determined that the Plaintiff has the severe

---

[1] For convenience, the Court cites to the disability insurance benefits statutes and regulations, which are largely identical to those applicable to the Plaintiff's claim for social security income. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

impairments of right eye blindness and decreased vision in the left eye; degenerative disc disease of the cervical and lumbar spine; bilateral shoulder pain, status post left tendon tear; headaches; right knee pain; rheumatoid arthritis; fibromyalgia; obesity; a history of chronic obstructive pulmonary disease; and a history of carpal tunnel syndrome. AR 17–18.

Step three requires the ALJ to consider whether the claimant's impairment(s) "meets or equals one of [the] listings in appendix 1 to subpart P of part 404 of this chapter." 20 C.F.R. § 404.1520(a)(4)(iii), (d). If a claimant's impairment(s), considered singly or in combination with other impairments, meets or equals a listed impairment, the claimant will be found disabled without considering age, education, and work experience. *Id*. § 404.1520(a)(4)(iii), (d). Here, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listing, indicating that she considered Listings 1.02, 1.04, 2.03, 3.02, 11.02, and 14.09. AR 18.

When a claimant's impairment(s) does not meet or equal a listing, the ALJ determines the claimant's "residual functional capacity" (RFC), which "is an administrative assessment of what work-related activities an individual can perform despite [the individual's] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001); *see also* 20 C.F.R. § 404.1520(e). In this case, the ALJ assessed the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can never climb ladders, ropes or scaffolds, kneel, or crawl. The claimant can occasionally climb ramps and stairs, balance, stoop, and crouch. The claimant is limited to frequent reaching with the bilateral upper extremities. The claimant is limited to frequent handling (gross manipulation) with the bilateral upper extremities. The claimant is limited to frequent fingering (fine manipulation of items no smaller than a paper clip) with the bilateral hands. The claimant can have occasional exposure to extreme cold, extreme heat, or humidity. The claimant can have occasional exposure to vibration. The claimant is limited to occupations that do not require driving motor vehicles at work. The claimant is limited to work environments with a moderate noise intensity

> level as defined in the SCO. The claimant can tolerate work requiring only occasional depth perception, and no jobs requiring tracking of moving objects as an essential job function. The claimant cannot perform work that requires peripheral vision to the right side. The claimant should avoid ordinary hazards in the workplace such as boxes on the floor, doors ajar, and approaching people or vehicles, but must not be exposed to unprotected heights or moving mechanical parts.

AR 19.

The ALJ then moves to step four and determines whether the claimant can do her past relevant work in light of the RFC. 20 C.F.R. § 404.1520(a)(4)(iv), (f). In this case, the ALJ found that the Plaintiff is capable of performing her past relevant work as a service establishment attendant, noting that this work does not require work-related activities precluded by the Plaintiff's RFC. AR 23.

If the claimant is unable to perform past relevant work, the ALJ considers at step five whether the claimant can "make an adjustment to other work" given the RFC and the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v), (g). Here, the ALJ determined, in the alternative, that the Plaintiff is not disabled because the Plaintiff can perform significant jobs in the national economy of mail clerk, cashier, and storage facility rental clerk. AR 23–24. The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski v. Halter*, 245 F.3d 881, 885–86 (7th Cir. 2001); *see also* 20 C.F.R. § 404.1512.

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). On review, a court considers whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). A court will affirm the Commissioner's

findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)).

  The court considers the entire administrative record but does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [the court's] own judgment for that of the Commissioner." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Nevertheless, the court conducts a "critical review of the evidence," and the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues. *Lopez*, 336 F.3d at 539 (citations omitted); *see also Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014) ("A decision that lacks adequate discussion of the issues will be remanded."). The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ "has a basic obligation to develop a full and fair record and must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (internal citations omitted). However, "if the Commissioner commits an error of law," remand is warranted "without regard to the volume of evidence in support of the factual findings." *White ex rel. Smith v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

**ANALYSIS**

The Plaintiff raises multiple arguments, but the Court need only address two that compel remand. First, the ALJ did not properly consider the opinion of Dr. Anekwe or adequately explain her decision to find it unpersuasive. Second, the ALJ erred in her analysis of the Plaintiff's daily activities.

**A.      Opinion Evidence**

The Plaintiff's primary argument is that the ALJ did not properly weigh Dr. Anekwe's medical opinion when she determined that it was unpersuasive. Dr. Anekwe was a treating physician for the Plaintiff who provided a Residual Functional Capacity Assessment. AR 791. In that assessment, he opined that the Plaintiff can sit or stand/walk for less than 15 minutes at any one time; she will frequently need to recline and sit as well as occasionally stand/walk during the work day; she can occasionally lift and carry up to 10 and 20 pounds; she cannot do pushing/pulling or fine manipulation on a sustained basis but can do simple grasping/gripping; she cannot use her legs and feet on a sustained basis; and she should avoid bending and squatting during the work day but can occasionally reach. *Id.* The ALJ found this opinion unpersuasive, reasoning that "the medical evidence of record supports less restrictive limitations." AR 23. The ALJ noted that the Plaintiff testified to being able to carry 10 to 15 pounds, that the record only shows some decreased range of motion and strength in her upper and lower extremities, and that there was no indication the Plaintiff was unable to ambulate effectively or perform fine and gross movements. *Id.*

Since the Plaintiff's claim was filed after March 27, 2017, the ALJ's evaluation of a medical opinion is governed by 20 C.F.R. § 404.1520c. Under this regulation, an ALJ has an obligation to evaluate every medical opinion and explain the persuasiveness of the opinion. *See*

20 C.F.R. § 404.1520c(a), (b). Medical opinions are evaluated using the following factors: (1) supportability, which means how well the objective medical evidence and supporting explanations presented by a medical source support the opinion; (2) consistency, which means how consistent the medical opinion is with the evidence from other medical sources and nonmedical sources; (3) relationship with the claimant, which considers the length of a treatment relationship, the frequency of examinations, the purpose of a treatment relationship, the extent of a treatment relationship, and whether there is an examining relationship; (4) specialization of the medical source; and (5) any other factors that tend to support or contradict the medical opinion. *Id.* § 404.1520c(c)(1)–(5). The most important factors for evaluating the persuasiveness of a medical opinion are supportability and consistency. *Id.* § 404.1520c(a), (b)(2). Therefore, the ALJ will explain how she considered those two factors in making the disability decision. *Id.* § 404.1520c(b)(2). However, the ALJ may, but is not required to, explain how she considered the remaining three factors. *Id.*

Here, the ALJ erred in a few respects when concluding that Dr. Anekwe's opinion was unpersuasive. For starters, the decision improperly describes only Dr. Anekwe's opinion that the Plaintiff is able to occasionally lift 10 pounds. While that is one aspect of his opinion, the ALJ fails to mention that Dr. Anekwe also opined that the Plaintiff is able to occasionally lift 20 pounds. This aspect of the opinion is important because it undermines the ALJ's reasoning that the Plaintiff's testimony supports less restrictive limitations than Dr. Anekwe's opinion. When considering the entire opinion, the Plaintiff's testimony that she can carry 10 to 15 pounds is consistent with Dr. Anekwe's opinion. *Cf. Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014) (explaining that an ALJ "split hairs unfairly . . . when he called her testimony that she could not lift more than 10 pounds 'inconsistent' with a doctor's finding in a consultative examination that

she could lift no more than 10 to 15 pounds"). Therefore, this basis for discounting Dr. Anekwe's opinion is not supported by the evidence.

The next issue relates to the ALJ's discussion of the medical records and whether they support Dr. Anekwe's opinion. Although the ALJ cited various medical records in concluding that the evidence shows only some decreased range of motion and strength and no indication that she was unable to ambulate or perform fine and gross movements, that analysis was not meaningfully tailored to Dr. Anekwe's opinion. *See Spicher v. Berryhill*, 898 F.3d 754, 758 (7th Cir. 2018) (explaining that an ALJ must "provide enough analysis to allow a re-viewing court" to understand why an opinion was rejected). For example, Dr. Anekwe opined that the Plaintiff can occasionally lift 20 pounds but should avoid 50 pounds and that she should avoid bending and squatting during the workday but she can occasionally reach. Given the lack of explanation, it is not clear why that opinion is necessarily unsupported by or inconsistent with evidence indicating some decreased range of motion or strength. Rather than provide a specific discussion of this evidence and the medical opinion, the ALJ mostly relies on a citation to favorable portions of the record. That is not enough to support the decision. *See Darlene M. F. v. Kijakazi*, No. 1:21-cv-53, 2022 WL 1153506, at *6 (N.D. Ind. Apr. 19, 2022) (stating that "merely mentioning the evidence in the medical history does not constitute proper analysis as required by 20 C.F.R. § 404.1520c").

Finally, the ALJ did not adequately consider evidence that supported Dr. Anekwe's opinion. As just mentioned, when evaluating Dr. Anekwe's opinion, the ALJ referenced various records that indicated normal findings as to the Plaintiff's strength, range of motion, and movement generally. However, throughout the record there was also evidence that the Plaintiff had painful and difficult mobility issues, problems with range of motion, and decreased strength.

*See, e.g.*, AR 554–55, 559–67, 574–76, 591, 670, 679. While the ALJ seems to acknowledge some of this evidence by noting some decreased range of motion and strength, she does not explain how this countervailing evidence factored into the consistency and supportability analysis. The problem is more pronounced with regard to evidence of the Plaintiff's ambulation problems, which the ALJ appears to have ignored altogether. The ALJ specifically stated that "there was no indication that the claimant was unable to ambulate effectively," AR 23, but, as the Plaintiff points out, there was evidence indicating her difficultly walking, *see, e.g.*, AR 65, 410, 418, 591. While the ALJ was not required to consider every piece of evidence, she may not ignore contrary lines of evidence or cherry-pick the record. *See Martin v. Saul*, 950 F.3d 369, 375 (7th Cir. 2020); *Lambert v. Berryhill*, 896 F.3d 768, 775 (7th Cir. 2018). That appears to have occurred here.

In response, the Commissioner argues that the ALJ's decision accurately applies 20 C.F.R. § 404.1520c and the ALJ's decision is entitled to deference under the regulation. Def. Br. 5–6, ECF No. 14. The Commissioner further contends that treating physicians are no longer entitled to controlling weight and that the Court should grant *Chevron* deference to the regulatory change. *Id.* at 7–8. Neither of these arguments justifies affirming the ALJ's decision.

There is no question that the new regulation has changed how to evaluate medical opinions. Under the current regime, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." 20 C.F.R. § 404.1520c(a); *see Kaminski v. Berryhill*, 894 F.3d 870, 874 n.1 (7th Cir. 2018) (explaining that "[t]he treating-physician rule has been modified to eliminate the 'controlling weight' instruction for newer claims"). However, there is no indication that the new regulation overrides the ALJ's obligation to properly consider the evidence and explain a determination on a medical opinion, which are

9

the problems identified with this decision. And to the extent the Plaintiff argues Dr. Anekwe's opinion deserves greater weight because he was a treating physician, that comports with other factors that must be considered by the ALJ. *See* 20 C.F.R. § 404.1520c(c)(3); *see also Martin*, 950 F.3d at 375 (referencing 20 C.F.R. § 404.1520c in its conclusion that an ALJ improperly discounted the opinion of an examining doctor in favor of a non-examining doctor). Thus, the Commissioner incorrectly suggests that the grounds of the Plaintiff's appeal fail to give deference to the updated regulation.

Accordingly, on remand, the ALJ will need to properly consider the evidence as it relates to Dr. Anekwe's medical opinion and provide an adequate explanation that enables judicial review.

**B.     Symptom Evaluation**

The final issue that the Court will address is the Plaintiff's argument that the ALJ erred in relying on the Plaintiff's daily activities to discount her subjective complaints. In the decision, the ALJ concluded that the Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were "not entirely consistent with the medical evidence and other evidence in the record." AR 22. One reason for this was the Plaintiff's daily activities, which the ALJ described as follows:

> As for activities of daily living, the claimant testified she sometimes drives her father to his doctor appointments. She stated she drives 2–3 times a week, goes grocery shopping, watches television, and tries to stay active and busy. The claimant testified she is able to clean around the house, including dusting, mopping, and vacuuming.

*Id.* Furthermore, when discussing the Plaintiff's vision impairments, the ALJ reiterated that the Plaintiff "is able to drive, go grocery shopping, read, watch television, and care for herself." *Id.*

When analyzing a disability claim, the ALJ must consider a claimant's statements about her symptoms and how the symptoms affect her daily life and ability to work. *See* 20 C.F.R. § 404.1529(a); SSR 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017). Subjective allegations of disabling symptoms alone cannot support a finding of disability. SSR 16-3p, 2017 WL 5180304, at *2. The ALJ must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence related to the listed regulatory factors. *See* 20 C.F.R. § 404.1529(c)(3). That includes the claimant's daily activities. *Id.* § 404.1529(c)(3)(i); *see Alvarado v. Colvin*, 836 F.3d 744, 750 (7th Cir. 2016). With that said, ALJs have been cautioned about "equating these activities with the challenges of daily employment in a competitive environment." *Beardsley*, 758 F.3d at 838. Thus, when taking account of daily activities, an ALJ must recognize the critical differences between daily living and full-time employment, *Ghiselli v. Colvin*, 837 F.3d 771, 778 (7th Cir. 2016), as well as consider the nature of those activities and whether they are done with significant limitations or with help from others, *see Stage v. Colvin*, 812 F.3d 1121, 1126 (7th Cir. 2016); *Roddy v. Astrue*, 705 F.3d 631, 639 (7th Cir. 2013).

In this case, the ALJ's decision failed to capture the full nature of the Plaintiff's daily activities. Take, for example, the Plaintiff's grocery shopping: the Plaintiff testified at the hearing that she tries not to go to the grocery store because it involves walking, she usually rides in a motorized scooter, and her nephew often serves as a runner. AR 65, 278, 281. Contrary to the ALJ's analysis, it is not clear how the Plaintiff's experience grocery shopping would equate to full-time work. The same goes for the Plaintiff's cleaning around the house, which can require assistance from her nephew and mother or results in the Plaintiff needing to sit down and rest. AR 62–63, 278, 281. As for the Plaintiff watching TV or reading, those activities commonly result in headaches that require the Plaintiff to sleep or take medication. AR 59–60, 282, 285. In

11

light of this more complete picture, it appears the ALJ did not properly evaluate the Plaintiff's activities in concluding that they undermine her subjective complaints. Remand is necessary to ensure a proper analysis of the Plaintiff's daily activities.

**C.      Other Arguments**

The Plaintiff makes addition arguments about the ALJ's decision, including that the ALJ erred in formulating her RFC. However, proper consideration of Dr. Anekwe's medical opinion and the Plaintiff's subjective complaints may alter the ALJ's RFC determination such that those issues need not be addressed at this time. Likewise, any remaining concerns the Plaintiff has with the ALJ's decision can be addressed on remand.

## CONCLUSION

For the reasons stated above, the Court GRANTS the relief sought in the Plaintiff's Brief [ECF No. 13] and REVERSES the decision of the Commissioner. The Court REMANDS this matter for further proceedings consistent with this Opinion.

SO ORDERED on July 6, 2022.

> s/ Theresa L. Springmann
> JUDGE THERESA L. SPRINGMANN
> UNITED STATES DISTRICT COURT